IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AIRWATCH LLC,

      Plaintiff,

v.

MOBILE IRON, INC.

      Defendant.

Civil Action File No.:
1:12-CV-03571-JEC

## PLAINTIFF AIRWATCH LLC's ANSWER TO DEFENDANT MOBILE IRON, INC.'S COUNTERCLAIMS

Plaintiff AirWatch LLC ("AirWatch"), by its undersigned attorneys, hereby answers the counterclaims (the "Counterclaims") of Defendant Mobile Iron, Inc. ("MobileIron") as follows:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

MobileIron's Counterclaims fail to state claims against AirWatch upon which relief may be granted.

### SECOND DEFENSE

MobileIron's Counterclaims are barred by the doctrines of waiver, laches, estoppel, or unclean hands.

## THIRD DEFENSE

MobileIron's Counterclaims are barred because MobileIron suffered no damages.

## FOURTH DEFENSE

MobileIron's Counterclaims are barred by MobileIron's failure to mitigate alleged damages, if any.

## FIFTH DEFENSE

MobileIron's claims for defamation are barred in whole or in part because, to the extent any statements or acts were published about MobileIron, they were true.

## SIXTH DEFENSE

MobileIron's claims for defamation are barred in whole or in part because, to the extent any statements or acts were published about MobileIron, they were mere expressions of opinion.

## SEVENTH DEFENSE

MobileIron's claims for defamation are barred in whole or in part because, to the extent any statements or acts were published about MobileIron, they were not made with malice, knowledge of falsity or with a reckless disregard of their falsity.

EIGHTH DEFENSE

MobileIron's claims for tortious interference with business relationships are barred in whole or in part because any such conduct was privileged.

NINTH DEFENSE

MobileIron's claims for tortious interference are barred in whole or in part because AirWatch did not act intentionally or with malice.

TENTH DEFENSE

MobileIron's Lanham Act claims are barred in whole or in part because AirWatch's statement did not constitute "commercial advertising" or "promotion."

ELEVENTH DEFENSE

MobileIron's Lanham Act claims are barred in whole or in part because any such "commercial advertising" or "promotion" were true.

TWELFTH DEFENSE

MobileIron's Lanham Act claims are barred in whole or in part because any such "commercial advertising" or "promotion" did not have a material effect on purchasing decisions.

THIRTEENTH DEFENSE

MobileIron's patent infringement claims are barred in whole or in part because AirWatch does not infringe, has not infringed, and is not liable for infringement of any claim of the '485 patent, either literally or under the doctrine

of equivalents, nor has AirWatch actively induced or contributed to any infringement of the '485 patent.

## FOURTEENTH DEFENSE

MobileIron's patent infringement claims are barred in whole or in part because those involved in the prosecution of the patent application that led to the '485 patent have taken certain positions or done certain acts before the United States Patent and Trademark Offices ("USPTO") during the prosecution of the '485 patent to achieve allowances of the claims of the '485 patent that estop or preclude MobileIron from contending that AirWatch has infringed any of those claims.

## FIFTEENTH DEFENSE

To the extent that any of MobileIron, licensees of the '485 patent, and any predecessors-in-interest in the '485 patent failed to properly mark relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that AirWatch's actions allegedly infringed the '485 patent, AirWatch is not liable to MobileIron for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '485 patent.

## SIXTEENTH DEFENSE

MobileIron's damages, if any, against AirWatch are statutorily limited by 35 U.S.C. § 286.

SEVENTEENTH DEFENSE

MobileIron is barred from recovering costs in connection with this action under 35 U.S.C. § 286.

EIGHTEENTH DEFENSE

To the extent that MobileIron asserts that AirWatch indirectly infringes, either by contributory infringement or inducement of infringement, AirWatch cannot be liable to MobileIron for the acts alleged to have been performed before AirWatch had knowledge of the '485 patent or that its actions would cause infringement of that patent.

NINETEENTH DEFENSE

MobileIron is not entitled to any injunctive relief as demanded because the injury allegedly incurred by MobileIron is neither immediate nor irreparable.  In the event MobileIron is found to have suffered any damage, MobileIron has adequate remedies at law.

TWENTIETH DEFENSE

MobileIron's claims for punitive damages are barred because AirWatch has committed no wrongful acts, or acts for which punitive damages may be awarded.

FIRST COUNTERCLAIM: COMMERCIAL DISPARAGEMENT, DEFAMATION, TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS, AND VIOLATION OF 15 U.S.C. § 1125

1.

AirWatch lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Counterclaims.

2.

AirWatch lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Counterclaims.

3.

AirWatch admits that it is a competitor of MobileIron.  AirWatch denies the allegations in the second and third sentences of Paragraph 3 of the Counterclaims. AirWatch denies any remaining allegations set forth in Paragraph 3 of the Counterclaims.

4.

AirWatch denies the allegations in the first sentence of Paragraph 4 of the Counterclaims.  AirWatch admits that Alan Dabbiere traveled to New York in February 2013 and met with a distributor that was in a resale arrangement with AirWatch that the distributor and AirWatch were in the process of expanding, and that Mr. Dabbiere spoke to a group of the distributor's sales persons.  AirWatch otherwise lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in the second sentence of Paragraph 4 of the Counterclaims. AirWatch lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third, fourth, and fifth sentences of Paragraph 4 of the Counterclaims. AirWatch denies any remaining allegations set forth in Paragraph 4 of the Counterclaims.

5.

AirWatch denies the allegations set forth in the preamble clause of Paragraph 5 of the Counterclaims and responds as follows to the lettered subparagraphs of Paragraph 5:

a.

AirWatch denies the allegations set forth in the first, second, and third sentences of Subparagraph 5a of the Counterclaims. AirWatch admits only that Mr. Dabbiere stated his opinion that Lowe's selected AirWatch over MobileIron based on concerns about product capability, and denies the remaining allegations in the fourth sentence or elsewhere in Subparagraph 5a of the Counterclaims.

b.

AirWatch denies the allegations set forth in Subparagraph 5b of the Counterclaims.

c.

AirWatch admits only so much of Subparagraph 5c of the Counterclaims as alleges that Mr. Dabbiere stated that MobileIron has scalability issues for large or mass-scale deployments of greater than 20,000 devices, and denies the remainder of the allegations in the first sentence of Subparagraph 5c of the Counterclaims. AirWatch lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Subparagraph 5c of the Counterclaims. AirWatch denies the allegations in the third and fourth sentences of Subparagraph 5c of the Counterclaims.

d.

AirWatch denies the allegations in Subparagraph 5d of the Counterclaims.

6.

AirWatch denies the allegations in Paragraph 6 of the Counterclaims.

7.

AirWatch denies the allegations in Paragraph 7 of the Counterclaims.

8.

AirWatch denies the allegations in Paragraph 8 of the Counterclaims.

9.

AirWatch denies the allegations in Paragraph 9 of the Counterclaims.

## SECOND COUNTERCLAIM:  PATENT INFRINGEMENT

### 10.

AirWatch admits that Exhibit A appears to be a copy of U.S. Patent No. 8,494,485 ("the '485 patent"), entitled "Management of Certificates for Mobile Devices."  AirWatch further admits that Exhibit A states on its face that the '485 patent was issued on July 23, 2013.  AirWatch denies that the '485 patent was lawfully issued.  AirWatch lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Counterclaims.

### 11.

AirWatch admits that Exhibit A states on its face that MobileIron is the assignee of the '485 patent. AirWatch lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Counterclaims.

### 12.

AirWatch admits that it has not taken a license to the '485 patent.

### 13.

AirWatch denies the allegations in Paragraph 13 of the Counterclaims.

### 14.

AirWatch denies the allegations in Paragraph 14 of the Counterclaims.

15.

AirWatch denies the allegations in Paragraph 15 of the Counterclaims.

16.

AirWatch denies the allegations in Paragraph 16 of the Counterclaims.

<u>Prayer for Relief</u>

AirWatch denies that MobileIron is entitled to any relief from AirWatch. MobileIron's prayer should be denied in its entirety and with prejudice. MobileIron should take nothing from AirWatch, and AirWatch should be awarded its attorney's fees and costs.

## COUNTERCLAIM

AirWatch states as follows:

### Parties

1.      AirWatch LLC ("AirWatch") is a Delaware limited liability company with its principal place of business at 1155 Perimeter Center West, Suite 100, Atlanta, GA 30338.

2.      MobileIron, Inc. ("MobileIron") is a Delaware corporation with its principal place of business at 415 East Middlefield Road, Mountainview, CA 94043.

### Jurisdiction And Venue

3.      This Counterclaim arises under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4.      By filing its Counterclaims, MobileIron has consented to the personal jurisdiction of this Court.

5.      Venue is proper in this judicial district pursuant to at least 28 U.S.C. § 1391.

### Count I: Declaration of Non-Infringement of U.S. Patent No. 8,494,485

6.      MobileIron has alleged that AirWatch infringes or has infringed one or more claims of U.S. Patent No. 8,494,485 (the "'485 patent").  AirWatch denies

11

that it infringes or has infringed any valid claim of the '485 patent, either literally or under the doctrine of equivalents.

7.     Thus, an actual, substantial controversy regarding the non-infringement of the '485 patent exists between AirWatch and MobileIron and is of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

8.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* and 35 U.S.C. §§ 100 *et seq.*, AirWatch is entitled to a declaration by the court that it does not infringe and has not infringed any claims of the '485 patent.

9.     AirWatch is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

**Count II: Declaration of Invalidity U.S. Patent No. 8,494,485**

10.     MobileIron has alleged that AirWatch infringes or has infringed one or more claims of the '485 patent.

11.     One or more claims of the '485 patent are invalid for failure to meet the requirements set forth in Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

12.     Thus, an actual, substantial controversy regarding the invalidity of the '485 patent exists between AirWatch and MobileIron and is of sufficient immediacy and reality to warrant an issuance of a declaratory judgment.

13.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* and 35 U.S.C. §§ 100 *et seq.*, AirWatch is entitled to a declaration by the Court that the '485 patent is invalid.

14.     AirWatch is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## **PRAYER FOR RELIEF**

WHEREFORE, AirWatch respectfully requests:

a.     That the Court dismiss MobileIron's Counterclaims with prejudice;

b.     That the Court enter judgment in favor of AirWatch against MobileIron;

c.     That the Court enter judgment that the '485 patent is not infringed by AirWatch;

d.     That the Court enter judgment that the '485 patent is invalid, unenforceable, or both;

e.     That the Court deny any and all of MobileIron's requests for injunctive relief;

f.     That the Court find this case exceptional under 35 U.S.C. § 285 and award AirWatch its costs and fees, including attorney's fees, and pre-judgment interest thereon;

g.     That the Court grant AirWatch any other and further relief that the

Court deems just, equitable, and proper.

## JURY TRIAL DEMAND

Pursuant to Fed. R. civ. P. 38(b), AirWatch hereby demands a trial by jury of

all issues so triable.

This 15th day of October, 2013.

**KILPATRICK TOWNSEND &**
    **STOCKTON LLP**
Suite 2800 – 1100 Peachtree Street
Atlanta, GA  30309-4530
Phone:  (404) 815-6500
Fax:      (404) 815-6555

/s/ Joel D. Bush, II
Joel D. Bush, II
Georgia Bar No. 098775
jbush@kilpatricktownsend.com
Susan A. Cahoon
Georgia Bar No. 102000
scahoon@kilpatricktownsend.com
Michael J. Turton
Georgia Bar No. 720269
mturton@kilpatricktownsend.com
Jeffrey H. Fisher
Georgia Bar No. 981575
jfisher@kilpatricktownsend.com
Jonathan D. Olinger
Georgia Bar No. 122055
jolinger@kilpatricktownsend.com

14

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I electronically filed the foregoing **"PLAINTIFF AIRWATCH LLC'S ANSWER TO DEFENDANT MOBILEIRON, INC.'S COUNTERCLAIMS"** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

DATED:  October 15, 2013.          /s/ Joel D. Bush, II_____
                                   Joel D. Bush, II
                                   Georgia Bar No. 098775